### In re GILMORE WHISKEY CORPORATION.

No. 74862.

District Court, S. D. New York.

April 16, 1940.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (James H. Herbert, of New York City, of counsel), for petitioner City Nat. Bank of Philadelphia.

Thomas A. McDonald, of New York City, for objector, John Bosch.

HULBERT, District Judge.

This matter comes up on a certificate of a Referee in Bankruptcy.

The petitioners purchased whiskey in barrels from the debtor and received and signed a form of contract having the appearance of an ordinary stock certificate, reciting as follows:

"We are holding for the account of and subject to the order of ——— pursuant to the terms of this contract ——— barrels of whiskey, stored in United States Internal Revenue Bonded Warehouse No. ——— District of Pennsylvania and described as follows:

| Brand | Distilled | Serial Numbers | Proof | Proof Gallons | Withdrawals: |
|-------|-----------|----------------|-------|---------------|--------------|

"The said barrels of whiskey are deliverable only upon (a) the surrender of this contract, and (b) upon the payment of the United States Government Taxes, prevailing on the date of such withdrawal, and all other taxes and charges."

Then follow certain conditions, not necessary to set forth here, concluding with: "Gilmore Whiskey Corporation agrees to deliver negotiable warehouse receipts covering the above mentioned whiskey to the purchaser, upon compliance by him of

all terms and conditions embodied in this contract."

Gilmore had purchased this whiskey in barrels in bond, and upon credit from the Kinsey Distilling Company, a Pennsylvania corporation, receiving negotiable warehouse receipts designating the particular place and specific location where the barrels of whiskey were stored, and the serial number of each barrel. The warehouse receipts contained the following provision: "Pursuant to Section 6 of the Federal Alcohol Administration Act, approved August 29, 1935, The Kinsey Distilling Company shall package the distilled spirits covered by this receipt, before delivery, in bottles labeled and marked in accordance with law, or will deliver the distilled spirits in bulk only to persons to whom it is lawful to sell or otherwise dispose of distilled spirits in bulk."

Each warehouse receipt bore the signature of an authorized official of the Pennsylvania Company for Insurance on Lives and Granting Annuities, Registrar, which, however, assumed no responsibility under such certificate except as provided for in a trust indenture between the Kinsey Distilling Company, City National Bank of Philadelphia, as Trustee, and one Andrew H. Blass, as co-trustee.

This trust indenture provided that Kinsey Distilling Company might issue against the collateral deposited thereunder with the bank collateral trust notes, the proceeds of which were to be used in its business. The collateral trust notes were to be paid out of the proceeds of the collateral thus deposited; it being the function of Mr. Blass .to certify to the Bank, as trustee, that the value of whiskey represented by the warehouse certificates which Kinsey Distilling Company delivered to the Bank was at least equal to the face amount of the notes to which the warehouse receipts were attached.

As originally financed, Gilmore executed promissory notes, all of which ran for a period of four years but provided for installment payments not less than three months apart. With the delivery of these notes to Kinsey, Gilmore endorsed and turned back the warehouse receipts involved in each transaction. As installment payments were made by Gilmore it could withdraw the barrels of whiskey paid for. Subsequently this procedure was modified and Gilmore executed one four year note, called a "master" note, for $211,127.30, purporting to represent Gilmore's then indebtedness to Kinsey Distilling Company. In support of the "master" note, Gilmore signed and delivered to Kinsey a series of notes maturing at regularly spaced intervals so that one became due and payable each month. Each separate note covered a designated number of barrels of whiskey and had attached to it the warehouse receipt of those particular barrels.

These notes were deposited by Kinsey Distilling Company with the Bank, under the collateral trust agreement.

In March 1939 Kinsey Distilling Company went into bankruptcy and caused a default in the collateral trust agreement.

On Oct. 13, 1939, the date of the approval of the petition for reorganization filed by Gilmore Whiskey Corporation, its indebtedness to the Bank was $180,158.84, and the barrels of whiskey and the distillation dates thereof, for which the trustee claims to hold warehouse receipts as security for such indebtedness, being a portion of the collateral security for the outstanding collateral trust notes were:

| Distillation Dates | Number of Barrels |
|---|---|
| Spring 1935 | 65 |
| Fall 1935 | 295 |
| Spring 1936 | 607 |
| Fall 1936 | 1125 |
| Spring 1937 | 514 |
| Fall 1937 | 995 |
| Spring 1938 | 1200 |
| Fall 1938 | 600 |
| | 5401 |

It is claimed by the Bank, as trustee, that the market value of the whiskey at that time was approximately $142,856.45 to $152,416.22, but since the order of Oct. 13, 1939, restraining the disposition of the whiskey it has decreased in value, and the bankrupt estate has no equity therein.

The objections pressed at the argument before me were:

1. That the City National Bank of Philadelphia was not a holder in due course of the warehouse receipts involved.

2. That Kinsey Distilling Company, while payee and holder of Gilmore Whiskey Corporation's note, waived its lien on the warehouse receipts involved.

It was also contended that the Referee had unjustifiably refused an adjournment to the petitioners to secure witnesses and adduce evidence to show that the Bank was not an innocent pledgee.

It was my first impression there was some substance to this latter objection, but since I have read the stenographic minutes of the hearings before the Referee and examined the exhibits in the case I find that contention to be without merit.

Upon the facts the Referee found in favor of the Bank.

The essence of this case is that Gilmore took the money received from his customers and applied it to other purposes instead of procuring the release of the warehouse receipts for the barrels of whiskey which he sold them.

It appears to me that the Referee has correctly applied the law as stated in his opinion, and the order is confirmed.